WILLIAM ROSS, JR., v. THOMAS VAN AULEN ET UX.

If a party be let into possession under a contract to purchase, and the purchase be not afterwards completed, he is not to be regarded as tenant to the vendor in such sense as to entitle him to three months' notice to quit, but he may be ejected after demand of possession, unless there be, in the contract, something to the contrary.

In error to Somerset Circuit.

Argued at November Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE, VAN SYCKEL and DIXON.

For the plaintiff, *James J. Bergen.*

For the defendants, *John Schomp.*

The opinion of the court was delivered by

DIXON, J. This is an action of ejectment. The defendants had entered into possession, under a contract with the plaintiff, (written, but signed by the defendants only,) for the sale of the premises by him to them, in which it was provided that the plaintiff should deliver possession to the defendants on April 1st, 1876. After entering, the defendants had failed to perform their agreement, and the plaintiff, having demanded possession, brought this suit. The defendants contended that they were entitled to three months' notice to quit, and the judge charged the jury that if the plaintiff consented to the defendants' taking possession, and there was no definite understanding as to the time they were to remain, then the defendants were entitled to such notice; and on this charge, a verdict was rendered for the defendants. Exception was taken, and error is assigned thereon.

This charge was erroneous. It is settled, in this state, that if a party be let into possession of land under a contract to purchase, and the purchase be not afterwards completed, he is

VOL. XIII.                    D

not to be regarded as tenant to the vendor in such sense as to entitle him to three months' notice to quit, but he may be ejected after demand of possession, unless there be, in the contract, something to the contrary.

In *Den* v. *Westbrook et al.*, 3 *Green* 371, one of the defendants had entered into possession, by the consent of the plaintiff's lessor, under an agreement to purchase, but he had not complied with the terms of the agreement; and afterwards he had let part of the premises to the other defendant, for a term of years. This court held that there was no relation of landlord and tenant subsisting between the lessor of the plaintiff and the defendants, or either of them, so as to entitle them to a notice to quit.

In *Van Valkenbergh et al.* v. *Den*, 3 *Zab.* 583, the plaintiffs in error, defendants in ejectment, had entered into possession by virtue of a written agreement with Drake for the sale of the premises to them; afterwards judgments had been recovered against Drake, and, under execution thereon, his title had been conveyed to the lessor of the plaintiff in ejectment. The defendants had complied, or offered to comply, with the agreement on their part, and contended that, they so being in possession under a contract to purchase, notice to quit was necessary to support the action of ejectment against them. In the Court of Errors, Carpenter, J., delivering the opinion, said : " The question thus raised can hardly be considered as an open one at the present day." It was decided that no notice to quit was necessary, and that the lessor of the plaintiff was entitled to recover on proof merely of a demand of possession before action brought.

In *Freeman* v. *Headley*, 4 *Vroom* 523, while the Court of Errors held that a purchaser, in possession of lands under a contract to purchase, is a tenant at will, for the purpose of being responsible for voluntary waste, yet the doctrine that he is not entitled to notice to quit, is expressly recognized as a legal principle.

The judgment below must therefore be reversed.